NEW YORK INSTITUTION FOR THE INSTRUCTION OF THE DEAF AND DUMB, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

*N. Y. Inst. for Deaf & Dumb* v. *City of New York*, 181 App. Div. 184, affirmed.

(Argued September 30, 1918; decided October 15, 1918.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 18, 1918, which affirmed an order of Special Term denying a motion to vacate and set aside the return by the defendant of a notice of exceptions and notice of filing the same, previously

39

served upon said defendant. The following questions were certified: " 1. In an action in the Supreme Court, brought under section 1638 of the Code of Civil Procedure to quiet title to real property, where an issue of fact is joined and defendant in its answer claims an estate in said property, and at the close of a trial had before a jury at defendant's request, under the provisions of section 1642 of said Code, the evidence of both parties having been put in in full, should the trial court, who submitted two of the many material questions of fact to the jury at defendant's request, and thereafter, on defendant's motion, set aside the jury's findings in plaintiff's favor on the questions submitted and dismissed the complaint, the defendant asking no determination as to its estate in the property as set forth in its answer, have passed upon proposed findings of fact and conclusions of law, which plaintiff deemed warranted by the evidence and duly submitted by the plaintiff before the complaint was dismissed? 2. Was it the duty of the trial court to have made findings of fact and conclusions of law as a basis for its decision in the above-entitled action? 3. Did plaintiff have the legal right to have the proposed findings of fact and conclusions of law appearing in the record and submitted by it to the trial court passed upon by said court? 4. Should defendant be compelled to receive and retain the notice of exceptions duly filed and served by the plaintiff appearing in the record? "

*Thomas F. Conway* and *Thomas E. O'Brien* for appellant.

*William P. Burr, Corporation Counsel (Charles J. Nehrbas, Terence Farley* and *John R. Salmon* of counsel), for respondent.

Order affirmed, with costs, and each one of the questions certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ.